Howard M. ADDIS, M.D., Howard M. Addis, M.D., Surgeon, Incorporated, and TJB Partnership, Plaintiffs–Appellees,

v.

HOLY CROSS HEALTH SYSTEM CORPORATION, St. Joseph's Care Group, Incorporated, St. Joseph's Medical Center, Incorporated, St. Joseph's Horizon Corporation, Incorporation, George B. Friend, GVS Management, Incorporated, George B. Friend, M.D., Incorporated, Thomas R. Gruszynski, Thomas R. Gruszynski, M.D., Incorporated, Patrick J. O'Dea, and Michiana Gastroenterology, Incorporated, Defendants–Appellants.

No. 95–3139.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 21, 1996.

Decided July 8, 1996.

Jay Lauer, South Bend IN, Michael J. Howlett, Jr., Jack Hagerty (argued), Shefsky, Froelich & Devine, Chicago, IL, for Howard M. Addis.

Thomas Campbell, Daniel D. McDevitt, Alan R. Dial, Gardner, Carton & Douglas, Chicago, IL, Timothy W. Woods (argued), Thomas F. Lewis, Jr., Jones, Obenchain, Ford, Pankow, Lewis & Woods, South Bend, IN, David C. Jensen, Frederick F. Eichhorn, Jr., Judith I. Snare, Alyssa D. Forman, Eichhorn & Eichhorn, Hammond, IN, Robert J. Konopa, Margot F. Reagan, Konopa & Murphy, South Bend, IN, Gregory G. Wrobel, James A. Morsch, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Edward A. Chapleau, Chapleau & Kuehl, South Bend, IN,· Gary J. Rickner, Barrett & McNagny, Fort Wayne, IN, for defendants-appellants.

Before BAUER, KANNE, and ROVNER, Circuit Judges.·

KANNE, Circuit Judge.

Howard M. Addis, M.D., and other plaintiffs sued multiple defendants on claims for relief under federal antitrust and racketeering laws and on supplemental state law claims. The district court awarded the defendants summary judgment on the claims for relief under federal law and dismissed without prejudice the plaintiffs' state law claims, but the district court declined to determine whether the defendants were entitled to immunity from damages under the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11111–12.

In this appeal, we must decide whether the defendants' postjudgment motion required the district court to determine the propriety of awarding them attorney fees under the fee-shifting provision of the Health Care Act, 42 U.S.C. § 11113. We emphasize at the outset the district court's Herculean labors in its handling of this multifaceted dispute, which gives meaningful expression to the concerns that animated Congress in its creation and approval of the Health Care Act. However, we are forced to conclude that while the district court was not required to address the issue of the defendants' immunity under § 11111 in ruling on their motion for summary judgment, it· was obligated by § 11113 to resolve the defendants' request for attorney fees, and we remand this matter for further proceedings.

I

This case has a long and involved history, but the events pertaining to this appeal are fairly straightforward. The defendants moved for partial summary judgment on the plaintiffs' claims for relief under federal law,

and the plaintiffs chose not to oppose that motion. The district court did not base its ruling on this tactical decision by the plaintiffs but instead addressed the merits of the plaintiffs' federal claims. The district court accepted those facts asserted by the defendants that were supported by the record because the plaintiffs chose not to controvert any of those facts. We accordingly take the facts as found by the district court in its order granting partial summary judgment in favor of the defendants.

During the time relevant to this lawsuit, Howard M. Addis was a medical doctor licensed to practice medicine in the state of Indiana and served on the staff at Saint Joseph's Medical Center in South Bend.[1] In August of 1993, the Medical Center's professional review board-known as the Staff Credentials Committee—began an inquiry into the care provided Mrs. Jean Riley by Dr. Addis. Dr. Addis had performed invasive surgery upon Mrs. Riley after failing to diagnose and treat with appropriate antibiotics an infection in her prosthetic heart valve. Dr. George Friend, chair of the Medical Center's surgery department, initiated the inquiry (after consulting with two other doctors) by requesting corrective action from Dr. Paul Howard, chief of staff at the Medical Center.

The credentials committee held meetings on September 9 and September 20, 1993, and Dr. Addis appeared at the latter meeting. The credentials committee then prepared a report and forwarded it to the Medical Center's executive committee. The executive committee conducted a hearing on September 21 at which both Dr. Addis and Dr. Randolph Szlabick, vice-chair of the surgery department, testified. The executive committee voted to suspend Dr. Addis's privileges for thirty days and so informed Dr. Addis by telephone that evening. The Medical Center reinstated Dr. Addis's privileges on October 21 with certain proctoring requirements.

Dr. Addis and his related business entities filed this lawsuit in February of 1994, alleging violations of the Racketeer–Influenced and Corrupt Organizations Act, 18 U.S.C.

§ 1961 *et seq.*, and the Sherman Antitrust Act, 15 U.S.C. § 2 *et seq.*, as well as claims for relief under Indiana law, and they filed an amended complaint on November 16. The district court summarized the plaintiffs' allegations as follows:

> The primary thrust of both the original and amended complaint is that three physicians, Dr. Friend, chairman of the Med Center Surgery Department, Dr. Gruszynski, chairman of the Med Center Obstetrics/Gynecology Department, and Dr. O'Dea, chairman of the Med Center Medical Department (specializing in gastroenterology), conspired with the Med Center, and its corporate family, to drive Dr. Addis out of the surgery-provider market in the South Bend geographic area. Dr. Addis alleged that his use of laproscopic (laser) surgery had drawn patients away from the three physicians and thus the three attempted to remove him from the market with the complicity of the Med Center. It is relevant to note that all three sit on the Executive Committee, but they are only three of the fifteen members of that committee. No other Executive Committee members are in direct economic competition with Dr. Addis.

The parties moved through discovery, and the defendants filed their motion for partial summary judgment under FED.R.CIV.P. 56(b) on February 23, 1995.

In their Rule 56 motion, the defendants offered alternative bases for summary judgment. They first argued that they were immune from damages liability pursuant to the Health Care Act, 42 U.S.C. §§ 11111–12. In the alternative, they argued that the facts demonstrated their entitlement to judgment as a matter of law on the plaintiffs' claims for relief under federal law. On July 6, the district court granted the defendants' motion on the basis of the inadequacy of the plaintiffs' federal claims and dismissed the plaintiffs' state law claims without prejudice. In its memorandum opinion and order, the district court opted to venture no opinion on the question of immunity under the Health Care

---

1. The record does not disclose whether Dr. Addis is still practicing medicine or remains affiliated

with Saint Joseph's, but neither question is material to this appeal.

Act. The court entered final judgment on July 7.

On July 20, the defendants filed a motion for attorney fees and costs pursuant to the fee-shifting provision of the Health Care Act, 42 U.S.C. § 11113. The district court styled this motion as arising under 28 U.S.C. § 1920, which empowers a district court to tax as costs certain litigation-related fees and expenses. It declined to address the merits of the defendants' claim for fees under § 11113 and offered the following explanation:

> Defendants' motion for summary judgment also requested a ruling on the issue of immunity under the Health Care Quality Improvement Act, 42 U.S.C. § 11101 *et seq.* ("HCQIA"). The omission of the HCQIA from this court's decision granting summary judgment in favor of the defendants and against the plaintiff was entirely intentional. The issue is a complicated one, and was not necessary as a basis for granting summary judgment to these defendants. This court has no intention of reopening this case to wade through a difficult and complex issue regarding HCQIA unnecessarily. There is a sound legal basis for the grant of summary judgment in favor of these defendants. That basis does not include HCQIA, and this court will not further elongate these proceedings to provide an advisory opinion on that subject.

The district court did award costs under § 1920 to defense counsel totalling $51,-384.03.

## II

Congress passed the Health Care Act, Pub.L. No. 99-660, 100 Stat. 3784 (codified at 42 U.S.C. § 11101 *et seq.*), to "provide incentive and protection for physicians engaging in effective professional peer review." 42 U.S.C. § 11101(5). These incentives were designed to encourage doctors to engage in meaningful peer review in light of the Health Care Act's imposition of intensified reporting requirements. It was Congress's hope that doctors would comply with the reporting requirements installed by the Health Care Act and thereby decrease the number of occurrences of medical malpractice.

Important elements of this package of incentives were the creation of statutory immunity for those persons and entities engaged in qualified professional peer review, 42 U.S.C. §§ 11111(a), 11112(a), and a fee-shifting provision designed to deter plaintiffs from filing meritless lawsuits against those persons and entities, 42 U.S.C. § 11113. Thus, "[d]octors and hospitals who have acted in accordance with the reasonable belief, due process, and other requirements of the bill are protected from damages sought by a disciplined doctor." H.R.REP. No. 99–903, 99th Cong., 2d Sess., at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6384, 6385.

■ The question presented in this appeal is whether the district court committed reversible error when it denied the defendants' postjudgment motion for fees under the Health Care Act by refusing to address the merits of that motion. The district court explained that it based its decision upon its previous ruling on the motion for summary judgment. It correctly stated that the Health Care Act's immunity provision was an alternative basis on which it could have granted summary judgment. Having granted the defendants summary judgment on alternative theories argued in their Rule 56 motion, the district court reasoned that it was not appropriate to venture an "advisory opinion" on whether the alternative ground of immunity was viable. This demonstrates that the district court viewed a finding of immunity as a statutory prerequisite to an award of fees.

In our view, this was a misapprehension of the interaction between the fee-shifting section and immunity provision of the Health Care Act. The fee-shifting provision reads as follows:

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under [42 U.S.C. § 11112(a) ] and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attor-

ney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith. For the purposes of this section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive or declaratory relief.

42 U.S.C. § 11113. The section referred to, § 11112(a), identifies the standards governing professional peer review actions. By internal cross-reference, these standards are prerequisites for a review action—and its participants-to qualify for the immunity conferred by § 11111(a) and for an award of attorney fees. *See* 42 U.S.C. §§ 11111(a), 11113.

The fee-shifting provision requires two things: that a defendant meet the standards of § 11112(a) and substantially prevail. We reach two deductions from this conjunctive requirement. First, Congress envisioned cases where a defendant might meet the requirements of § 11112(a) but not prevail. This is confirmed by the statutory exception to immunity set forth at § 11111(b) and by the language of § 11111(a) denying immunity in cases arising under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Acts, 42 U.S.C. § 1981 *et seq.* Second, there may be cases where a defendant prevails on an entirely different defense but may still move for a fee award under § 11113 because the review action satisfied the requirements of § 11112. *See, e.g., Johnson v. Nyack Hosp.*, 964 F.2d 116, 123 (2d Cir. 1992).

In the latter case, where the final disposition is not related to immunity, defendants may still file postjudgment motions for attorney fees under the Health Care Act. The text of § 11113 explicitly states that an award of fees may be appropriate "to the extent that a defendant has met the standards set forth under [sec. 11112(a) ]." It does not link an award of fees to immunity, as might be the case were § 11113 written along the lines of, "to the extent that a defendant has acquired immunity from damages liability as provided for in § 11111(a)."

Nothing in § 11112 confers immunity; that section only describes the criteria for a qualifying review action. The plain meaning of § 11113 demonstrates that Congress did not intend immunity to be a prerequisite to an award of attorney fees. The fact that § 11113 is not part of the section conferring immunity reinforces the conclusion that they are indeed independent questions.

We also note that the legislative history, to whatever extent it may be probative of the statute's meaning, is also supportive of this interpretation. In its section-by-section analysis of Public Law 99–660, the House Committee on Energy and Commerce stated that § 11113 "permitted [a district court] to award attorneys' fees to defendant who prevails and whose professional review action met standards of this bill." H.R.REP. No. 99–903, *reprinted in* 1986 U.S.C.C.A.N. 6384, 6389. This statement echoes the point made above about the distinct requirements of prevailing and meeting the standards of § 11112(a). Throughout this report, the members of the Energy and Commerce Committee used the word "standards" with specific reference to the requirements for a review action set out at § 11112(a); they did not use that word when referring to § 11111 and its preclusion of damages liability. *See generally id.* at 6392–95.

### III

The question of awarding fees is separate from the question of immunity. The district court was correct that it might have awarded the defendants partial summary judgment on their immunity defense, but Congress clearly did not envision that as the end of the game. The text of § 11113 contemplates an award of fees if, in addition to other factors, a plaintiff's claims are frivolous or otherwise without merit, and this determination is committed to the discretion of the district court. *See Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (stating that district court has discretion to award fees in cases of frivolous claims under 42 U.S.C. § 1988); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (same with respect to frivolous claims under

Title VII). We would thus review an award of fees under the Health Care Act for an abuse of discretion. *See Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 431–32 (6th Cir.1995); *Smith v. Ricks*, 31 F.3d 1478, 1487 (9th Cir.1994), *cert. denied*, ―― U.S. ――, 115 S.Ct. 1400, 131 L.Ed.2d 287 (1995); *Johnson*, 964 F.2d at 123. We will apply this same standard to a decision not to award fees under § 11113.

The Health Care Act's explicit decoupling of the issues of immunity and fee awards leads to the conclusion that the district court's summary denial of the defendants' motion was not an appropriate exercise of discretion. The fee-shifting provision of the Health Care Act is an independent element in a package of incentives and disincentives that are designed to further the medical profession's efforts at self-regulation. As such, it represents a commitment to the idea that government has a role in promoting responsible self-regulation by the private sector. While we recognize the substantial additional burden being placed upon the district court in this contentious case, the judiciary must see to the implementation of the legitimate and explicit legislative directives set forth in the Health Care Act.

One final point. Although the district court denied the defendants' motion for fees under § 11113, it did award costs under 28 U.S.C. § 1920. Neither party has exhibited any quarrel with this portion of the district court's decision, and we have no reason to suppose that the calculations leading to the awards of costs are anything but correct. Although we are remanding this entire matter to the district court for further proceedings, the award of costs should stand even if the district court determines that an award of attorney fees is not appropriate pursuant to § 11113 of the Health Care Act.

The district court's order denying attorney fees under 42 U.S.C. § 11113 is VACATED and this matter is REMANDED for further proceedings.