**Harriet K. HELD, M.D., Plaintiff,**

v.

**DECATUR MEMORIAL HOSPITAL, an Illinois not-for-profit corporation, Defendant.**

No. 98–CV–2173.

United States District Court, C.D. Illinois, Danville/Urbana Division.

Aug. 10, 1998.

---

Carol J. Hansen Posegate, Stephan J. Roth, Giffin, Winning, Cohen & Bodewes, P.C., Springfield, IL, for Plaintiff.

Rhonda R. Heinz, Samuels, Miller, Schroeder, Jackson & Sly, Decatur, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

MCCUSKEY, District Judge.

On July 24, 1998, Plaintiff, Harriet K. Held, M.D., filed a complaint (# 1) against Defendant, Decatur Memorial Hospital. She alleged that Defendant limited her admitting privileges without affording her a hearing as required by Defendant's Fair Play Plan. Plaintiff alleged that the Fair Play Plan was developed pursuant to the requirements of the federal Health Care Quality Improvement Act of 1986(Act) (42 U.S.C. § 11101 *et seq.*). Plaintiff also filed an Emergency Motion for Temporary Restraining Order (# 3) and a Motion for Preliminary Injunction (# 4).

On July 27, 1998, Defendant filed a Motion to Dismiss (# 6). Defendant claimed that the Act was the only basis alleged for federal jurisdiction over Plaintiff's complaint. Defendant argued that the Act does not create a private right of action and, without the Act, there is no federal question jurisdiction. Plaintiff has submitted a Memorandum of Law in opposition to the Motion to Dismiss. For the following reasons, this court concludes that it has no jurisdiction over Plaintiff's cause of action. Accordingly, Defendant's Motion to Dismiss (# 6) is GRANTED.

## FACTS

Plaintiff is a licensed physician of internal medicine. She has practiced medicine for over 45 years and has privileges to provide services at Defendant Decatur Memorial Hospital and at St. Mary's Hospital in Decatur. On April 15, 1998, Defendant sent a written notice to Plaintiff that the Medical Executive Committee of the medical staff had recommended the following to be effective immediately: (1) suspension of her ICU privileges; and (2) a mandatory requirement that she consult with a member of the Department of Medicine within twenty-four hours of admission for all patients she admitted to the hospital. The notice also stated that the duration of the adverse action was at least 90 days.

On May 4, 1998, Plaintiff sent a written request for an evidentiary hearing. She was entitled to a hearing regarding the adverse action taken by Defendant under the terms of Defendant's Fair Play Plan. No hearing was held. On July 17, 1998, Defendant notified Plaintiff that it was extending the limitations on her admitting privileges for another 90 days. Even though Plaintiff had requested a hearing on May 4, 1998, no hearing had been scheduled at the time Defendant extended the adverse action.

On July 24, 1998, Plaintiff filed her complaint seeking injunctive relief. She asked that Defendant be "enjoined from continuing to impose further discipline on the Plaintiff." Plaintiff also filed an Emergency Motion for Temporary Restraining Order and a Motion for Preliminary Injunction. She sought an order restraining Defendant from further discipline until a hearing on her complaint could be held. On July 27, 1998, Defendant filed its motion to dismiss. It argued that this court does not have subject matter jurisdiction over Plaintiff's cause of action.

## ANALYSIS

 Unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Federal courts only

have the power to hear a case if that power is granted by the Constitution and authorized by statute. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Federal question jurisdiction exists if the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *In re Application of County Collector of County of Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir.1996). This court has a nondelegable duty to police the limits of federal jurisdiction with meticulous care. *Market Street Associates Ltd. Partnership v. Frey,* 941 F.2d 588, 590 (7th Cir. 1991). The presumption is that a cause lies outside of this court's limited jurisdiction. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. The burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673.

Plaintiff contends that this court has jurisdiction based upon the Act. However, there is no express provision in the Act creating a cause of action in favor of a physician against a professional peer review group that has violated its due process requirements. *Hancock v. Blue Cross–Blue Shield of Kansas, Inc.,* 21 F.3d 373, 374 (10th Cir. 1994); *Rogers v. Columbia/HCA of Cent. Louisiana, Inc.,* 971 F.Supp. 229, 237 (W.D.La.1997), *aff'd* 140 F.3d 1038 (5th Cir. 1998). In fact, the Act was passed by Congress to "provide incentive and protection for physicians engaging in effective professional peer review." 42 U.S.C. § 11101(5). It was Congress's hope that doctors would comply with the reporting requirements installed by the Act and thereby decrease the number of occurrences of medical malpractice. *Addis v. Holy Cross Health System Corp.,* 88 F.3d 482, 485 (7th Cir.1996). The Act provides statutory immunity from damage liability for those persons engaged in qualified professional peer review. 42 U.S.C. §§ 11111(a), 11112(a); *Addis,* 88 F.3d at 485. Accordingly, Congress's intent in enacting the Act was to improve the quality of medical care by encouraging physicians to identify and discipline other physicians who are incompetent or engage in unprofessional behavior (*Wayne v. Genesis Med. Ctr.,* 140 F.3d 1145, 1148 (8th Cir.1998)), and thereby benefit patients (*Simpkins v. Shalala,* 999 F.Supp. 106, 116 (D.D.C.1998)).

As a result, it is well settled that physicians subject to peer review are *not* within a class of persons for whose special benefit the Act was enacted. *Bok v. Mutual Assurance, Inc.,* 119 F.3d 927, 929, *reh. denied,* 132 F.3d 1462 (11th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1796, 140 L.Ed.2d 937 (1998); *Hancock,* 21 F.3d at 375; *Simpkins,* 999 F.Supp. at 116; *Rogers,* 971 F.Supp. at 237; *Goldsmith v. Harding Hosp., Inc.,* 762 F.Supp. 187, 188 (S.D.Ohio 1991). This is one factor which must be considered in determining whether a private right of action may be implied from a statute. See *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Therefore, every court which has considered the issue has concluded that no private cause of action may be implied from the Act for a physician subjected to peer review. See *Wayne,* 140 F.3d at 1148; *Bok,* 119 F.3d at 928–29; *Hancock,* 21 F.3d at 374–75; *Simpkins,* 999 F.Supp. at 117; *Rogers,* 971 F.Supp. at 237; *Schmidt v. Principal Health Care of La., Inc.,* 1996 WL 264990 (E.D.La.1996); *Doe v. United States Dep't of Health & Human Services,* 871 F.Supp. 808, 812 (E.D.Pa.1994), *aff'd,* 66 F.3d 310 (3d Cir.1995); *Regualos v. Community Hosp. Ass'n,* 1991 WL 239953 (W.D.Mich. 1991); *Goldsmith,* 762 F.Supp. at 190; *Evers v. Edward Hosp. Ass'n,* 247 Ill.App.3d 717, 728, 617 N.E.2d 1211, 1220, 187 Ill.Dec. 490, 499, *app. denied,* 153 Ill.2d 559, 624 N.E.2d 806, 191 Ill.Dec. 618 (1993).

Plaintiff has not cited, and this court has not found, any cases reaching a contrary result. In her memorandum of law, Plaintiff cited cases where the courts state that the Act provides immunity only against actions for damages and not for actions for declaratory or injunctive relief. However, in the cases Plaintiff has cited, the federal court had jurisdiction because the plaintiff's cause of action was based upon one or more federal statutes, in most cases federal antitrust laws. See, *e.g., Imperial v. Suburban Hosp. Ass'n,* 37 F.3d 1026 (4th Cir.1994); *Bryan v. James E. Holmes Regional Med. Ctr.,* 33 F.3d 1318, 1330 (11th Cir.1994); *Manion v. Evans,* 986 F.2d 1036 (6th Cir.), *cert. denied, Lima Memorial Hosp. v. Manion,* 510 U.S. 818, 114 S.Ct. 71, 126 L.Ed.2d 40 (1993); *Decker v.*

*IHC Hospitals, Inc.,* 982 F.2d 433 (10th Cir. 1992), *cert. denied,* 509 U.S. 924, 113 S.Ct. 3041, 125 L.Ed.2d 727 (1993); *Tambone v. Memorial Hosp. for McHenry County, Inc.,* 825 F.2d 1132 (7th Cir.1987); *Mathews v. Lancaster Gen. Hosp.,* 883 F.Supp. 1016 (1995), *aff'd* 87 F.3d 624 (3d Cir.1996). In the cases cited, the plaintiffs did *not* base their cause of action on the Act, and the Act was not the basis of federal jurisdiction. The Act became an issue only when the defendants asserted the immunities provided by the Act as a defense. In short, the cases do not support Plaintiff's position that this court has jurisdiction based upon the Act.

This court agrees with the well reasoned cases which have determined that no private cause of action may be implied from the Act. Accordingly, Plaintiff's cause of action is not based upon federal law, and this court does not have subject matter jurisdiction. *Hancock,* 21 F.3d at 374; *Schmidt,* 1996 WL 264990; *Goldsmith,* 762 F.Supp. at 190.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (# 6) is GRANTED. This case is terminated.