Joseph F. DECKER, Plaintiff–Appellee,

v.

IHC HOSPITALS, INC., and Charles L. Doane, Merrill C. Daines, Lee S. Broadbent, Robert L. Jensen, C. Chris Friess, and Charles T. Swallow, Defendants–Appellants.

Utah Hospital Association, American Hospital Association and Utah Medical Association, Amici Curiae.

Nos. 91–4160, 91–4161.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1992.

**434**

James W. Gilson (Scott C. Pugsley, of IHC Hospitals, Inc., Richard W. Casey, of Giauque, Crockett & Bendinger; and Charles W. Dahlquist, II, Merrill F. Nelson, and David B. Erickson, of Kirton, McConkie & Poelman, with him on the briefs), of IHC Hospitals, Inc., Salt Lake City, UT, for defendants-appellants.

David K. Isom (Curtis R. Hussey, of David K. Isom & Associates, with him on the brief), of David K. Isom & Associates, Salt Lake City, UT, for plaintiff-appellee.

Fredric J. Entin, Ila S. Rothschild, and Jeffrey M. Teske, of the American Hosp. Ass'n, Chicago, IL, Don B. Allen and Jonathan A. Dibble, of Ray, Quinney & Nebeker, of Salt Lake City, UT, Virginia H. Hackney, John Charles Thomas, and R. Hewit Pate, of Hunton & Williams, Richmond, VA, and Elliott J. Williams, of Williams & Hunt, Salt Lake City, UT, for the amici curiae.

Before TACHA and McWILLIAMS, Circuit Judges, and O'CONNOR, District Judge.*

TACHA, Circuit Judge.

Defendants appeal a district court order denying their Rule 12(b)(6) motions to dismiss on the grounds of statutory immunity and plaintiff's failure to exhaust his administrative remedies. We dismiss the appeal for lack of appellate jurisdiction.

Dr. Joseph F. Decker initiated this action after the Logan Regional Hospital restricted his clinical privileges. He names as defendants the hospital's owner, IHC Hospitals, Inc., the hospital's administrator, Charles Doane, and five doctors who participated in the peer review process that led to the restriction of his privileges: Drs. Daines, Broadbent, Jensen, Friess, and Swallow ("Physician Defendants"). In his amended complaint, Dr. Decker asserts twelve claims for relief alleging the breach of various contractual and common law tort duties; violations of the Sherman Act, RICO, and the federal extortion statute; violations of similar Utah statutes; and conspiracy to deprive Dr. Decker of his civil rights in violation of 42 U.S.C. § 1985. He seeks compensatory, treble, and punitive damages, as well as costs and attorneys fees.

All defendants moved pursuant to Rule 12(b)(6) to dismiss the case on two grounds: (1) Dr. Decker failed to exhaust his administrative remedies under the hospital's bylaws; and (2) the defendants are immune from liability under the Health Care Quality Improvement Act of 1986 (HCQIA), 42 U.S.C. §§ 11101–52. The Physician Defendants moved separately to dismiss on the additional ground that they are immune from liability under the Utah Medical Practice Act (Utah MPA), Utah Code Ann. §§ 58–12–26 to –43 (1990 & Supp.1992).

The district court denied without prejudice both motions to dismiss. All the defendants appealed the denial of the motion to dismiss based on the exhaustion doctrine and the HCQIA. The Physician Defendants appealed the denial of their motion to dismiss based on the Utah MPA. The appeals were consolidated.

Dr. Decker filed with this court a motion to dismiss for lack of appellate jurisdiction.[1] He argues that the district court order denying the motions to dismiss is not a "final" order that is appealable under 28 U.S.C. § 1291. The defendants argue that the HCQIA establishes immunity from suit and therefore the collateral order doctrine, as applied in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985),

---

* Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. Dr. Decker filed his motion more than 15 days after the defendants filed their notices of appeal. Although we favor the practice of filing motions to dismiss for lack of appellate jurisdiction within 15 days after the notice of appeal is filed, *see* 10th Cir.R. 27.2.1, we will consider the merits of Dr. Decker's motion.

permits immediate appeal in this case. The Physician Defendants argue that the Utah MPA also establishes immunity from suit and therefore permits immediate appeal. We hold that neither the HCQIA nor the Utah MPA establishes immunity from suit, and we therefore dismiss the appeal.[2]

■ In general, an order denying a motion to dismiss is not final because it "ensures that litigation will continue in the District Court." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988). Such an order is therefore not appealable unless it falls within the small class of orders that are final for purposes of § 1291 under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has articulated a three-pronged test to determine whether an order that does not finally resolve a case is nonetheless appealable under the collateral order doctrine:

> First, the order must "conclusively determine the disputed question." Second, the order must "resolve an important issue completely separate from the merits of the action." Third and finally, the order must be "effectively unreviewable on appeal from a final judgment." If the order at issue fails to satisfy any one of those requirements, it is not appealable under the collateral order exception to § 1291.

*Gulfstream Aerospace*, 485 U.S. at 276, 108 S.Ct. at 1136 (citations omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)).

In *Mitchell v. Forsyth*, the Supreme Court held that a district court order denying a government official's motion to dismiss that is grounded on an assertion of the qualified immunity established in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), is immediately appealable under the *Cohen* doctrine.

*Mitchell*, 472 U.S. at 530, 105 S.Ct. at 2817. The court reasoned that because *Harlow* provides "an *immunity from suit* rather than a mere defense to liability," *id.* 472 U.S. at 526, 105 S.Ct. at 2815, the denial of a motion to dismiss meets each prong of the *Cohen* test. Most importantly, the court concluded that such an order meets the third prong because the immunity from suit "is effectively lost if a case is erroneously permitted to go to trial." *Id.*

■ Federal courts thus permit appeals of orders denying motions to dismiss where the motions are based on immunity from suit. *See, e.g., Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (holding that the Speech and Debate Clause establishes immunity from suit and permitting immediate appeal); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (holding that the Double Jeopardy Clause establishes immunity from suit and permitting immediate appeal); *Eng v. Coughlin*, 858 F.2d 889 (2d Cir.1988) (holding that the 11th Amendment establishes immunity from suit and permitting immediate appeal). Where, however, the basis of the motion to dismiss is not an immunity from suit, the courts hold that an order denying the motion is not immediately appealable. *See, e.g., Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (holding that a contractual forum selection clause did not establish immunity from suit and affirming dismissal of appeal); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (holding that immunity from civil process does not constitute immunity from suit and affirming dismissal of appeal); *Brown v. Grabowski*, 922 F.2d 1097 (3d Cir.1990) (holding that the New Jersey Tort Claims Act does not establish immunity from suit and dismissing appeal), *cert. denied,* —— U.S. ——, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991); *Marrical v. Detroit News, Inc.*, 805 F.2d 169 (6th Cir.1986) (holding that Michigan's common law doctrine of absolute or

---

2. Because we hold that the order denying the motions to dismiss on the grounds of immunity is not appealable, we need not address defendants' contention that we have pendent appellate jurisdiction over the exhaustion of remedies issue.

qualified immunity does not include immunity from suit and dismissing appeal).

As the Supreme Court recently summarized, "[t]he critical question, following *Mitchell,* is whether 'the essence' of the claimed right is a right not to stand trial." *Van Cauwenberghe,* 486 U.S. at 524, 108 S.Ct. at 1950. Apart from the common law absolute and qualified immunities from suit enjoyed by some government officials, "[a] right not to be tried in the sense relevant to the *Cohen* exception rests upon an *explicit* statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 801, 109 S.Ct. 1494, 1499, 103 L.Ed.2d 879 (1989) (emphasis added). Thus, the key question in this case is whether the HCQIA and the Utah MPA explicitly immunize the defendants from suit.

█ We conclude that the HCQIA establishes an immunity from liability only. The section of the HCQIA entitled "Limitations on damages for professional review actions" provides in pertinent part:

> If a *professional review action* . . . of a professional review body meets all the standards specified in section 11112(a) of this title . . .
>
> > (A) the professional review body,
> >
> > (B) any person acting as a member or staff to the body,
> >
> > (C) any person under a contract or other formal agreement with the body, and
> >
> > (D) any person who participates with or assists the body with respect to the action,
>
> shall not be liable *in damages* under any law of the United States or of any State (or political subdivision thereof) with respect to the action.

42 U.S.C. § 11111(a)(1) (emphasis added). The plain meaning of this provision is that professional review bodies and covered individuals who satisfy the requirements of § 11112(a) [3] are immune from liability only. On its face, this provision does not explicitly establish immunity from suit.

The HCQIA's legislative history supports our conclusion that the act establishes immunity from liability only. The HCQIA was originally introduced as H.R. 5110, 99th Cong., 2d Sess. (1986). That bill contained the following provision similar to 42 U.S.C. § 11111(a)(1):

> If a professional review action . . . of a professional review body meets the standards specified in section 102(a), . . .
>
> > (1) the professional review body,
>
> •       •       •       •       •
>
> *shall not be subject to an action* or liable under any Federal law and, subject to subsection (c), under any State Law, with respect to the action.

H.R. 5110 § 101(a) (emphasis added). Thus, the act as originally drafted would have established an immunity from suit. After considering H.R. 5110, however, the House Committee on Energy and Commerce amended the section establishing immunity and resubmitted the bill as H.R. 5540. *See* H.R.Rep. No. 903, 99th Cong., 2d Sess. 3–4 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6384, 6386. The Committee explained that

> [i]nitially [it] considered establishing a very broad *protection from suit* for professional review actions. In response to concerns that such protection might be abused and serve as a shield for anti-competitive economic actions under the guise of quality controls, however, the

---

3. Section 11112(a) provides in full:

For purposes of the protection set forth in section 11111(a) of this title, a professional review action must be taken—
(1) in the reasonable belief that the action was in the furtherance of quality health care,
(2) after a reasonable effort to obtain the facts of the matter,
(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and

(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3). A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in section 11111(a) of this title unless the presumption is rebutted by a preponderance of the evidence. 42 U.S.C. § 11112(a).

Committee *restricted the broad protection.* As redrafted, the bill now provides protection *only from damages in private actions,* and only for proper peer review, as defined in the bill.

*Id.* at 9, *reprinted in* 1986 U.S.C.C.A.N. at 6391 (emphasis added). The section of H.R. 5540 that established immunity from liability was passed without substantive amendment and is now codified at 42 U.S.C. § 11111(a). *See* H.R. 5540, 99th Cong., 2d Sess. § 101(a) (1986). Thus, the legislative history of the HCQIA supports our conclusion that § 11111(a)(1) establishes immunity from liability only.

██ We likewise conclude that the Utah MPA does not establish immunity from suit. Section 58–12–43(8) of the Utah MPA provides:

> An individual who is a member of a hospital administration, board, committee, department, medical staff, or professional organization of health care providers as defined in Section 78–14–3 *is immune from liability* arising from participation in a review of a health care provider's professional ethics, medical competence, moral turpitude, or substance abuse.

Utah Code Ann. § 58–12–43(8) (Supp.1992) (emphasis added). On its face, this provision does not explicitly establish immunity from suit. We have discovered no case interpreting this provision to establish immunity from suit, nor have the Physician Defendants directed us to any statements in the Utah MPA's legislative history that would counter our conclusion. In the absence of "an explicit statutory ... guarantee that trial will not occur," *Midland Asphalt,* 489 U.S. at 801, 109 S.Ct. at 1499, we must conclude that the Utah MPA does not establish an immunity from suit.

Because neither the HCQIA nor the Utah MPA provides "an immunity from suit rather than a mere defense to liability," *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815, the district court order fails to meet the third prong of the *Cohen* test. The defendants have no right to be free from trial, and their asserted right to be free from liability can be effectively vindicated in a future appeal of a final order. We there-fore hold that the district court order denying the defendants' motions to dismiss is not immediately appealable.

APPEAL DISMISSED.