**Alan C. HANCOCK, M.D., a Kansas citizen, Plaintiff–Appellant,**

v.

**BLUE CROSS–BLUE SHIELD OF KANSAS, INC., a Missouri corporation, Defendant–Appellee.**

No. 93–3054.

United States Court of Appeals, Tenth Circuit.

April 11, 1994.

Gregory M. Dennis (Thomas A. Hamill, with him on the briefs) of Perry & Hamill, Overland Park, KS, for plaintiff-appellant.

Terri Savely Bezek (James R. Goheen, with her on the brief) of McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant-appellee.

Before LOGAN and McKAY, Circuit Judges, and SAM,* District Judge.

McKAY, Circuit Judge.

Plaintiff physician's allegations in the trial court, which we accept as true for purposes of this appeal, state that he had a Participating Primary Care Physicians Contract with defendant Blue Cross and Blue Shield of Kansas City, Inc. Defendant initiated a decredentialing procedure for the purpose of terminating the physician's contract. In a letter to the physician, the Defendant informed him that under their procedures he could have a lawyer present but that the lawyer could not cross-examine witnesses nor argue the case. Plaintiff physician was decredentialed. He thereafter brought an action in the federal district court seeking declaratory and injunctive relief to set aside the decredentialing proceeding. He based his action on a claim of federal question jurisdiction arising under the Health Care Quality Improvement Act of 1986, 42 U.S.C.A. § 11101 *et seq.* More specifically, he claimed

---

* Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

a violation of section 11112(b)(3)(C)(i) of the Act which he claimed guaranteed him a right to full representation and participation of counsel in the proceeding. The trial court concluded that the Health Care Quality Improvement Act does not create a private cause of action and therefore dismissed the case for a lack of subject matter jurisdiction.

Because we agree with the trial court that the Act does not create a cause of action and no other basis for federal jurisdiction is alleged, we AFFIRM the decision of the trial court.

Because the trial court's opinion succinctly and accurately reviews the sole issue in this case, we adopt and set forth *in hoc verba* the relevant discussion of the issue from that opinion as follows:

> Congress enacted the HCQIA to improve the quality of health care and to reduce the number of incompetent physicians. *See* 42 U.S.C. § 11101. Congress determined that both goals could be attained through "effective professional peer review." *Id.* Accordingly, the HCQIA eliminates many deterrents to effective professional peer review of physician competence by providing immunity from damage suits to professional peer review groups and individuals acting in support of those groups. *See* 42 U.S.C. § 11111(a)(1); *see also Decker v. IHC Hospitals, Inc.,* 982 F.2d 433, 436 (10th Cir.1992).

> The HCQIA's granting of professional peer review immunity, however, is conditioned by two factors. First, a professional peer review group must provide adequate due process protection to the physician subjected to review. *See* 42 U.S.C. § 11112. The HCQIA details a number of procedures which Congress deemed to be adequate due process, and creates a rebuttable presumption that the professional peer review group met the due process requirements even if it did not follow the HCQIA's procedures. *Id.* Second, the peer review group must take any action it deems necessary with the reasonable belief that its action will further quality health care. *Id.* A professional peer review group that fails to fulfill either condition is not entitled to the immunity afforded it by

the HCQIA. *See Goldsmith v. Harding Hospitals, Inc.,* 762 F.Supp. 187, 188 (S.D.Ohio 1991); *see also Austin v. McNamara,* 979 F.2d 728, 733 (9th Cir.1992).

> In this case, plaintiff premises its action solely upon defendant's alleged violation of the HCQIA's due process requirements. *See* 42 U.S.C. § 11112(b)(3)(C)(i) ("in the hearing the physician has the right ... to representation by an attorney...."). However, the HCQIA does not expressly create a cause of action in favor of a physician against a professional peer review group that has violated its due process requirements. *See Goldsmith,* 762 F.Supp. at 188. Therefore, to survive the present motion to dismiss, plaintiff's action must be implicitly sanctioned by the HCQIA. In *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court noted that there are four factors relevant to the determination of whether a private cause of action may be implied from a statute that does not expressly provide for one. Those factors include:

>> (1) whether the plaintiff is a member of the class for whose special benefit the statute was enacted; (2) whether there is any indication of legislative intend, explicit or implicit, to create or deny a remedy; (3) whether it would be consistent with the underlying purposes of the legislative scheme to imply a remedy; and (4) whether the cause of action is one traditionally relegated to state law in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law.

> *Goldsmith,* 762 F.Supp. at 188 (citing *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2087).

> A weighing of the factors outlined in *Cort v. Ash* leads the court to conclude that Congress did not intend to create a cause of action for the benefit of physicians to enforce provisions of the HCQIA. From a reading of the HCQIA and its legislative history, the court concludes that Congress merely intended, in enacting the HCQIA, to ensure effective professional peer review of physician competence by

providing immunity from damage suits to those professional peer review groups that comply with the HCQIA. *See* 42 U.S.C. § 11101 *et seq.;* H.R.Rep. No. 99–903, 99th Cong., 2d Sess. 2, *reprinted in* 1986 U.S.Code Cong. & Ad.News 6384–405. Since the court concludes that the HCQIA was not enacted to benefit physicians subject to peer review, such as plaintiff, plaintiff cannot persuade the court that an implied cause of action exists for him under the HCQIA. *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2087. The few courts that have addressed this issue have arrived at the same conclusion. The court finds those decisions to be persuasive. *See Goldsmith,* 762 F.Supp. at 188–90 (the court thoroughly discussed the *Cort v. Ash* factors in light of the HCQIA and held that no private cause of action may be inferred from the HCQIA); *see also Caine v. Hardy,* 715 F.Supp. 166, 170 (S.D.Miss.1989), *rev'd on other grounds,* 905 F.2d 858 (5th Cir.1990), *superseded by,* 943 F.2d 1406 (5th Cir. 1991) (*en banc*) (*aff'g district court*), *cert. denied,* — U.S. ——, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992); *and Regualos v. Community Hosp. Assoc.,* 1991 WL 239953 at *4 (W.D.Mich. Aug. 7, 1991).

Memorandum and Order of Feb. 10, 1993, No. 92–2408–GTV, at 4–7.

The judgment of the district court is AFFIRMED.