**Duard BOK, M.D., Plaintiff,**

v.

**MUTUAL ASSURANCE, INC., Defendant.**

**Civil A. No. 95–D–1188–E.**

United States District Court, M.D. Alabama, Eastern Division.

Feb. 22, 1996.

Joseph B. Lewis, Montgomery, AL, for plaintiff.

W. Stancil Starnes, Birmingham, AL, for defendant.

### *MEMORANDUM OPINION*

DE MENT, District Judge.

Before the court is the defendant Mutual Assurance, Inc.'s motion filed October 2, 1995, to dismiss the above-styled case. The plaintiff, Duard Bok, M.D., failed to respond in opposition. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendant's motion is due to be granted.

### STANDARD OF REVIEW FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v.*

*Pinellas County*, 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." [1] *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam*, 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir.1982)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The court also stresses that on a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, the nonmoving party has the burden of showing that it properly invoked the court's jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[2] In ruling on the motion, the court is to "consider the allegations of the complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

## DISCUSSION

The plaintiff brings this action pursuant to the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C.A. § 11101 *et seq.* As such, the plaintiff alleges in his complaint that this court has federal question jurisdiction over claims brought under 42 U.S.C.A. § 11112. *See* 28 U.S.C. § 1331.[3] However, the defendant contends that the HCQIA does not provide to the plaintiff a private cause of action. Therefore, the defendant contends not only that the plaintiff has failed to state a claim upon which relief may be granted, but also that the court lacks subject matter jurisdiction.

In a case factually similar to this case, the Tenth Circuit held that the HCQIA did not create a private cause of action in favor of a physician who was allegedly denied the right to full representation and participation of counsel in a peer review proceeding. *Hancock v. Blue Cross–Blue Shield of Kansas*, 21 F.3d 373 (10th Cir.1994). In *Hancock*, the plaintiff-physician "based his action on a claim of federal question jurisdiction arising under the [HCQIA]...." *Id.* The plaintiff-physician, as in this case, specifically claimed he was denied the protections guaranteed under the HCQIA. In affirming the district court's dismissal for lack of subject matter jurisdiction, the Tenth Circuit weighed the factors outlined in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and concluded that "Congress did not intend to create a cause of action for the benefit of physicians to enforce provisions of the HCQIA." [4] *Id.* at 374. As such, the court

---

**1.** Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**3.** Section 1331 provides, "[t]he federal district courts shall have original jurisdiction of all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331.

**4.** As succinctly summarized in *Hancock*, "the Supreme Court in [*Cort v. Ash*, 422 U.S. 66, 95

S.Ct. 2080, 45 L.Ed.2d 26 (1975)] noted that there are four factors relevant to the determination of whether a private cause of action may be implied from a statute that does not expressly provide for one ...:

> (1) whether the plaintiff is a member of the class for whose special benefit the statute was enacted; (2) whether there is any indication of legislative intend, explicit or implicit, to create or deny a remedy; (3) whether it would be consistent with the underlying purposes of the legislative scheme to imply a remedy; and (4) whether the cause of action is one traditionally relegated to state law in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law."

21 F.3d at 374 (citations omitted).

reasoned that an implied cause of action does not exist for physicians under the HCQIA. *Id.* at 374–75. In fact, other federal district courts which have considered this issue have found that the HCQIA does not create a cause of action for physicians. *See Doe v. United States Dep't of Health and Human Servs.,* 871 F.Supp. 808, 812 (E.D.Pa.1994), *aff'd,* 66 F.3d 310 (3d Cir.1995); *Goldsmith v. Harding Hosp., Inc.,* 762 F.Supp. 187, 190 (S.D.Ohio 1991) ("A weighing of the factors set forth in *Cort v. Ash* leads to the conclusion that Congress did not intend to create a cause of action for the benefit of physicians to enforce the provisions of § 11112 or to sue under other provisions of the HCQIA.").

The court is persuaded by the reasoning set forth in the aforementioned authority and finds that none of the relevant *Cort v. Ash* factors weighs in favor of an implied cause of action in this case. As such, the court finds that the HCQIA creates no cause of action for benefit of physicians to enforce its provisions. Consequently, the court finds that the HCQIA does not provide the plaintiff a private cause of action, and therefore, the court lacks subject matter jurisdiction.

Accordingly, the defendant's motion to dismiss is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.