United States Court of Appeals,

Eleventh Circuit.

No. 96-6278

Non-Argument Calendar.

Duard BOK, M.D., Plaintiff-Appellant,

v.

MUTUAL ASSURANCE, INC., Defendant-Appellee.

Aug. 15, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. CV-95-D-1188-E), Ira De Ment, Judge.

Before ANDERSON and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

The question presented in this appeal is whether or not the Health Care Quality Improvement Act of 1986 (HCQIA), 42 U.S.C. § 1101 *et seq.,* provides for a private cause of action to a physician who alleges an insurance company violated its provisions when it refused to provide him with medical malpractice insurance after a peer-review proceeding. We find that the Act does not provide for a private cause of action and affirm the dismissal of the complaint.

In his complaint, Bok alleged that Mutual Assurance, Inc., violated the HCQIA's due-process requirements when it refused to provide him with medical malpractice insurance after a peer-review proceeding. More specifically, Bok complained that Mutual Assurance did not, among other things, provide him with notice prior to his peer-review hearing or advise him that he could call witnesses or present evidence at the hearing.

Mutual Assurance filed a motion to dismiss, Fed.R.Civ.P. 12(b)(6), arguing that the HCQIA did not grant Bok a private right of action to sue it. Mutual Assurance relied on, among other cases, an opinion issued by the Tenth Circuit, *Hancock v. Blue Cross-Blue Shield of Kansas,* 21 F.3d 373 (10th Cir.1994). Bok did not file a brief in opposition to Mutual Assurance's motion.

The district court, in a memorandum opinion reported at *Bok v. Mutual Assurance, Inc.,* 917 F.Supp. 778, 779-80 (M.D.Al.1996), agreed with Mutual Assurance and relied in part on *Hancock*

to conclude that the HCQIA did not create an express or implied cause of action for Bok to complain about Mutual Assurance's peer-review procedures. The court dismissed Bok's complaint.

Bok argues that the HCQIA implies a private right of action for his suit because components of the HCQIA "level the peer review playing field" by "generating information which is based on fair procedures." Bok also reasons that Congress passed the HCQIA to benefit physicians like him because one section of the act is entitled "Encouraging Good Faith Peer Review." Mutual Assurance argues the district court correctly concluded that the HCQIA did not give Bok an implied cause of action.

When legislation does not provide expressly for a cause of action for individual plaintiffs, the legislation must provide an implied cause of action in order for individual plaintiffs to be able to sue under the legislation. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). In *Cort,* 422 U.S. at 78, 95 S.Ct. at 2087-88, the Supreme Court formulated four factors for determining whether an implied cause of action exists: 1) whether the plaintiff is a member of the class for whose special benefit the legislation was enacted; 2) whether there is any indication of explicit or implicit legislative intent to create a remedy under the act; 3) whether it would be consistent with the underlying purposes of the legislative scheme to imply a remedy; and 4) whether the cause of action is one traditionally relegated to state law.

In the medical profession, peer review is a "process by which physicians and hospitals evaluate and discipline staff doctors[.]" *Bryan v. James E. Holmes Regional Medical Center,* 33 F.3d 1318, 1321 (11th Cir.1994), *cert. denied,* 514 U.S. 1019, 115 S.Ct. 1363, 131 L.Ed.2d 220 (1995). The "HCQIA grants limited immunity, in suits brought by disciplined physicians, from liability for money damages to those who participate in professional peer review activities." *Id.* The HCQIA thus provides that, if the peer review action "meets certain due process and fairness requirements, then those participating in such a review process shall not be liable under any state or federal law for damages for the results." *Id.* at 1321-22.

In *Hancock,* the plaintiff-physician sued an insurer alleging that a peer-review panel violated the HCQIA's due-process requirements when it decredentialized him. 21 F.3d at 374. The *Hancock*

court first found that the HCQIA did not expressly create a cause of action in favor of the physician. *Id.* The court next concluded that the HCQIA did not create an implied right of action because it was not enacted for the benefit of physicians subject to peer review, but instead "to ensure professional peer review of physician competence[.]" *Id.* In reaching this conclusion, the court specifically cited the relevant factors from *Cort,* 422 U.S. at 78, 95 S.Ct. at 2087. *Hancock,* 21 F.3d at 374-75.

This Court reviews *de novo* the district court's conclusions of law. *Jones v. Childers,* 18 F.3d 899, 904 (11th Cir.1994).

Although this Court has not answered whether the HCQIA creates a cause of action for a physician to challenge the procedures used by a peer-review panel, we find the reasoning of the Tenth Circuit in *Hancock* persuasive and adopt it. We agree, as the *Hancock* court concluded, that Congress did not pass the HCQIA with the intent of benefiting physicians such as Bok. *Id.* at 374-75. A claim such as Bok's thus fails entirely to satisfy the first *Cort* factor. *See Cort,* 422 U.S. at 78, 95 S.Ct. at 2087-88. More importantly, a weighing of the *Cort* factors also argues against finding an implied cause of action[1] in the HCQIA. *Hancock,* 21 F.3d at 374-75.

As a final note, Bok discusses two matters he did not raise in his filings to the district court: (1) his right to amend his complaint; and (2) his right to discovery. Generally, this Court will not consider issues that the appellant failed to raise below. *See Narey v. Dean,* 32 F.3d 1521, 1526-27 (11th Cir.1994). Although there are exceptions to this rule, none of them apply in this case. *See id.*

Concluding that the HCQIA does not provide for a private cause of action, WE AFFIRM the judgment of the district court.

---

[1]There clearly is no express cause of action in the legislation.