# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2589

_____

Melissa Lancaster and       *
Tim Lancaster,           *
                *
    Plaintiffs/Appellants,   *
                *
    v.             *   Appeal from the United States
                *   District Court for the Western
American & Foreign Insurance   *   District of Missouri.
Company, Royal Insurance Company of *
America, and Royal Surplus Lines   *
Insurance Company, as garnishees,   *
                *
    Appellees,       *
                *

_____

Submitted: May 16, 2001

Filed: August 3, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BARNES,[1] District Judge.

_____

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

BARNES, District Judge.

Melissa Lancaster and Tim Lancaster appeal the district court's[2] order denying their motion for summary judgment, and granting summary judgment to Royal Surplus Lines Insurance Company. We review the district court's order *de novo*. Wayne v. Genesis Medical Center, 140 F.3d 1145, 1147 (8th Cir. 1998). For the reasons set forth below, we affirm.

## I.

Melissa Lancaster was an employee of Leonard Scheffler's McDonald's restaurant in Columbia, Missouri. She and her husband Tim Lancaster filed a sexual harassment claim against Scheffler. The parties reached a settlement agreement whereby the judgment amount of two million dollars actual damages and five million dollars punitive damages was to be paid out of proceeds of any insurance policies held by Scheffler. The district court reduced the agreement to a judgment after a short hearing which essentially adopted the agreement of the parties *in toto*.

Scheffler had four insurance policies which were subject to the settlement; however, this appeal is concerned only with the policy held by Royal Surplus Lines Insurance Company (Royal Surplus). Melissa and Tim Lancaster filed garnishments in aid of execution of the judgment awarded by the district court. Royal Surplus opposed the garnishments alleging that their policy did not insure the risk and was not subject to the execution. The district court held in its order of February 10, 2000, that Royal Surplus was not liable and that the garnishment action must fail.

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## II.

The issue raised on appeal is whether the district court erred in its application of the "traditional principles of contract interpretation" rather than the "reasonable expectations doctrine," to the policy with Royal Surplus. Scheffler purchased four insurance policies. One was a package policy from American & Foreign Insurance Company (American) which provided coverage for commercial property, commercial crime, commercial auto, and commercial general liability. In addition, he purchased an umbrella policy from Royal Insurance Company of America (Royal). Neither the American package policy nor the Royal umbrella policy covered sexual harassment. Scheffler also purchased an employment practices liability policy or EPLP, from Reliance National Insurance Company of Illinois (Reliance) which provided $250,000.00 coverage for claims relating to sexual harassment and Reliance has surrendered its face amount in partial satisfaction of the judgment.

The policy which is the focus of this appeal is the special excess policy (SEP) Scheffler purchased from Royal Surplus Lines Insurance Company. McDonald's provided this special excess policy to interested franchisees in an effort to cover punitive damage awards above that covered by the franchisees' individual general liability policy and umbrella policy. The special excess policy application Scheffler completed required that he list his other policies and their carriers. He listed the American package policy and Royal umbrella policy on the application, but failed to list his Reliance EPLP. Royal Surplus ultimately denied coverage since under the language of the policy the SEP only provided coverage for those occurrences insured by underlying insurance described in Scheffler's application. Scheffler only listed two policies, neither of which covered sexual harassment.[3]

---

[3] Scheffler submitted his claim to Royal Surplus in 1997; however, it was not until September 1, 1998 that Royal Surplus amended its policies to permit

-3-

Appellants argue that coverage was available to them under the Royal Surplus policy because the insured (Scheffler) had a reasonable expectation of coverage and had no reason to suspect coverage was dependent on the policies listed in his application as underlying insurance. Appellants' basis for their contention is set forth in the case of Niswonger v. Farm Bureau Town & Country Insurance Company, 992 S.W.2d 308 (Mo. App. E.D. 1999); See also Bellamy v. Pacific Mut. Life Ins. Co., 651 S.W.2d 490 (Mo. 1983). The court in Niswonger , recognizing the fact that the "reasonable expectations" doctrine is "not in strict accordance with traditional principles of contract interpretation," found that it should only be applied with caution. Niswonger, 992 S.W.2d at 320-321 (citing Rodriguez v. General Accident Ins. Co., 808 S.W.2d 379, 382 (Mo. banc 1991)). An appropriate application might be a situation where there is ambiguity in the policy. Id.

Appellants argue that the facts support Scheffler's "reasonable expectations" that he had coverage under the Royal Surplus policy. McDonald's originally negotiated the special excess policy specifically for those franchisees in need of coverage for punitive damages. They also contend that Scheffler only knew that a surplus policy was in effect when he purchased the policy and therefore had a reasonable expectation that he was covered. In fact Scheffler claims that only after the filing of this lawsuit did he receive a copy of the master policy and learn that underlying insurance listed in his application was a necessary condition for coverage. Finally, appellants argue that ignoring Scheffler's reasonable expectations and permitting Royal Surplus to deny coverage would produce an unconscionable result.

The district court, while agreeing with the appellants that Niswonger supports the "reasonable expectations" doctrine, found that neither the policy nor the attending

employment liability policies to become eligible as underlying insurance. Therefore, even had he listed his Reliance EPLP on the Royal Surplus application, that coverage would have been unavailable to him.

documents in the instant case contained the necessary ambiguity. Therefore, the court said, "that part of <u>Niswonger</u> which authorizes a court to introduce ambiguity based upon extrinsic evidence does not apply and the reasonable expectations doctrine is unavailable." Dist. Ct. Op. at 6. We agree, and hold that the district court properly applied traditional principles of contract interpretation in its determination that coverage under the special excess policy provided by Royal Surplus did not extend to appellants' sexual harassment claims.

## III.

Accordingly, we affirm the district court's grant of summary judgment to Royal Surplus Lines and its denial of summary judgment for Melissa and Tim Lancaster.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.