[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to strike the fourth count of the June 12, 2001 amended complaint in this action brought by the plaintiff physician against the defendant hospital for injuries suffered as a result of alleged defamation. In count four, the plaintiff alleges that the defendant violated 42 U.S.C. § 11112. The defendant moves to strike that count on the grounds that the statute does not create a private cause of action so that the count fails to state a cause of action.[1]
A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 10-39. "Like the demurrer it admits all facts well pleaded." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably to the plaintiff. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
In count four, the plaintiff alleges,
 19. In terminating all of the plaintiff's ureteroscopy privileges with (sic) first affording him a hearing, the defendant hospital violated the notice and hearing provisions of Title 42, United States Code, Section 11112.
 20. As a result of the aforesaid statutory violation, the plaintiff was unable to prevent the defendant hospital from sending the aforesaid reports to the National Practitioner Data Bank and, as a result suffered financial loss as aforesaid.
(Amended Complaint dated June 12, 2001, Count Four, ¶¶ 19 and 20.).
The defendant has provided the court with authority to support its claim that the Health Care Quality Improvement Act of 1986 does not create a private cause of action for physicians. The plaintiff has provided no case law in rebuttal. The court is persuaded that the federal act does not create a private cause of action for the benefit of physicians. As noted by the defendant, the purpose of the act is to promote effective peer review and not to benefit individual physicians. Hancock v. BlueCT Page 12374Cross-Blue Shield of Kansas, Inc., 21 F.3d 373 (10th Cir. 1994); Doe v.U.S. Dept. of Health and Human Services, 871 F. Sup. 808 (E.D.Pa. 1994), aff'd., 66 F.3d 310; Goldsmith v. Harding, 762 F. Sup. 187
(S.D. Ohio 1991).
For the foregoing reasons the motion to strike count four is granted.
DiPentima, J.