**Dr. Pedro TIRADO–MENENDEZ, his wife Iris Albertorio, and their Conjugal Partnership, Plaintiffs,**

v.

**HOSPITAL INTERAMERICANO DE MEDICINA Avanzada, et al., Defendants.**

**Civil No. 06–1217(GAG).**

United States District Court, D. Puerto Rico.

Feb. 14, 2007.

80

Ramon L. Walker-Merino, Walker Merino Law Office, San Juan, PR, for Plaintiffs.

Heidi L. Rodriguez-Benitez, Janitza M. Garcia-Marrero, Pietrantoni Mendez & Alvarez, San Juan, PR, for Defendants.

## OPINION AND ORDER

GELPI, District Judge.

This matter is before the court on Defendants' motion to dismiss for lack of subject-matter jurisdiction. Plaintiffs Dr. Pedro Tirado–Menendez, his wife Iris Albertorio, and their Conjugal Partnership commenced this action after Plaintiff Tirado's medical privileges were allegedly revoked in violation of federal and Puerto Rico law. After reviewing the pleadings and pertinent law, the court **GRANTS** Defendants' motion to dismiss (Docket No. 14).

### I. Relevant Factual & Procedural Background

The following factual summary was taken from Plaintiffs' complaint. *See* Docket No. 1. Hospital Interamericano de Medicina Avanzada ("HIMA") is a Puerto Rico corporation which operates a hospital in Caguas, Puerto Rico. *Id.* at 5. Dr. Pedro Tirado–Menendez ("Dr.Tirado"), a licensed medical internist, had medical privileges in this hospital. *Id.* at 3, 5. On October 29, 2004, HIMA suspended Dr. Tirado's hospital privileges. *Id.* at 42. From the outset, Dr. Tirado informed HIMA that he would be represented by an attorney during the administrative process following his suspension. *Id.* at 43. Dr. Tirado was consistently told that pursuant to HIMA's by-

laws he had no right to be represented by an attorney. *Id.* at 44.

Defendants named a Judicial Committee to hold an administrative hearing regarding Dr. Tirado's suspension. *Id.* at 45. On December 10, 2004, the Judicial Committee met with Dr. Tirado. *Id.* As a result of that meeting, the Judicial Committee recommended to the Executive Committee that Dr. Tirado's privileges be reinstated. *Id.* Nevertheless, the Executive Committee voted to affirm Dr. Tirado's privileges suspension. *Id.* at 46. Dr. Tirado appealed to the Board of Directors and requested again the right to be represented by legal counsel. *Id.* at 47. The Board of Directors, through its President, Joaquin Rodriguez, refused to allow Dr. Tirado to be represented by legal counsel and revoked his privileges permanently. *Id.* at 48.

On March 3, 2006, Plaintiffs filed the instant case against Defendants, alleging that HIMA's revocation of Dr. Tirado's medical privileges constituted a breach of contract and violated the Health Care Quality Improvement Act ("HCQIA") and Dr. Tirado's due process rights. *See* Docket No. 1. The complaint also included local law claims under Article II of the Commonwealth's Constitution and Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. §§ 5141–5142. *Id.* On April 3, 2006, Plaintiffs filed an amended verified complaint. *See* Docket No. 3. Defendants moved to strike the amended verified complaint on June 22, 2006 on the ground that the complaint was not verified correctly. *See* Docket No. 13. On the same date, Defendants moved to dismiss the amended verified complaint for lack of subject-matter jurisdiction. *See* Docket No. 14. By order dated August 14, 2006, the court granted Defendants' motion to strike the amended verified complaint. *See* Docket No. 22. Because the amended verified complaint was stricken from the record, the court will treat Defendants' motion to dismiss the amended verified complaint as a motion to dismiss the original complaint filed on March 3, 2006.

## II. Standard of Review

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995) (citing *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.1993), cert. denied, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996).

## III. Legal Analysis

Defendants have moved to dismiss Plaintiffs' complaint pursuant to Fed. R.Civ.P. 12(b)(1) on the ground that there is no subject-matter jurisdiction. Plaintiffs assert that a federal question exists under the Health Care Quality Improvement Act and the Fifth and Fourteenth Amendments of the United States Constitution. The court will now examine Plaintiffs' asserted jurisdictional grounds to determine whether Plaintiffs have established the existence of a federal question.

## A. Health Care Quality Improvement Act

The HCQIA was enacted in 1986 to improve the quality of medical care by restricting the ability of physicians who have been found to be incompetent from repeating this malpractice by moving from state to state without discovery of such finding. *See* 42 U.S.C. § 11101; H.R.Rep. No. 903, 99th Cong.2d Sess. (1986). To accomplish this goal, the Act establishes a national reporting system "to follow bad doctors from place to place," and provides immunity from damages for persons participating in professional review activities. *Id.* at 6385. To benefit from this immunity, "a professional review action must be taken—(1) in the reasonable belief that the action was in furtherance of quality health care, (2) after a reasonable effort to obtain the facts of the matter, (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirements of paragraph (3)." 42 U.S.C. § 11112(a).

Plaintiffs contend that Defendants violated the HCQIA standards for physician quality review when they arbitrarily rejected the peer review committee's recommendation, and instead revoked Dr. Tirado's medical privileges permanently without affording him an opportunity to be represented by legal counsel. Defendants argue that even if they did not comply with the HCQIA criteria for peer review, the HCQIA does not afford aggrieved physicians a private cause of action. The court agrees with Defendants. A number of Circuit Courts, including the First Circuit, have concluded that the HCQIA does not create a private cause of action for physicians subjected to peer review. *See Singh*

*v. Blue Cross/Blue Shield of Massachusetts, Inc.,* 308 F.3d 25, 45 n. 18 (1st Cir. 2002) (stating that the HCQIA does not create a private cause of action); *Hancock v. Blue Cross–Blue Shield of Kan., Inc.,* 21 F.3d 373, 374–75 (10th Cir.1994) (holding that the HCQIA does not explicitly or implicitly create a private cause of action for physicians subjected to peer review); *Bok v. Mut. Assurance, Inc.,* 119 F.3d 927, 928–29 (11th Cir.1997) (agreeing with *Hancock* that the HCQIA does not create a cause of action for physicians); *Wayne v. Genesis Med. Ctr.,* 140 F.3d 1145, 1148 (8th Cir.1998) (joining "the Tenth and Eleventh Circuits in concluding that the HCQIA does not explicitly or implicitly afford aggrieved physicians a cause of action when a hospital fails to follow" HCQIA standards).

Plaintiffs misapprehend the HCQIA when they argue that HIMA has to comply with the HCQIA's procedural requirements because it is a hospital within the meaning of the statute. HIMA's compliance with the HCQIA's definition of hospital does not give Plaintiffs a federal claim under the HCQIA. Rather, it provides HIMA with immunity if it complies with the HCQIA criteria for peer review. "While the immunity may disappear when the peer review is not conducted in accordance with the standards set forth therein, the HCQIA does not impose duties upon those who participate in peer review, the breach of which provides a remedy to a medical professional who claims to have been harmed by peer review that is inadequate." *MacNealy v. Dayton Osteopathic Hospital, Inc.,* 1993 WL 1377513 *1 n. 2 (S.D.Ohio 1993). In light of the above, the court holds that Plaintiffs do not have a cause of action under the HCQIA.

## B. Due Process

The due process clause of the Fifth Amendment provides that "No per-

son shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V. It applies to actions of the federal government, not those of private individuals. *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952). The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. It applies to acts of the states, not to acts of private persons or entities. *Rendell–Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

■ Plaintiffs do not allege that HIMA is a public hospital. Instead, Plaintiffs argue that HIMA is a government actor because it received federal funds pursuant to the Hill–Burton Act. As a result, Plaintiffs contend that HIMA is obligated to comply with the due process requirements of the Fifth and Fourteenth Amendments. The court disagrees with Plaintiffs. A number of Circuit Courts, including the First Circuit, have concluded that a hospital's receipt of Hill–Burton funds does not render it a government actor. *See Bricker v. Crane*, 468 F.2d 1228, 1231 (1st Cir. 1972) (holding that it was unnecessary "to decide whether the reception of funds under the Hill–Burton Act and other government programs was sufficient to imbue hospital with state action, since that issue has been conclusively determined against the appellant in the state courts"); *Taylor v. St. Vincent's Hospital*, 523 F.2d 75, 78 (9th Cir.1975), cert. denied, 424 U.S. 948, 96 S.Ct. 1420, 47 L.Ed.2d 355 (1976) (affirming judgment from district court that a hospital which receives Hill–Burton funds is not acting under the color of state law); *Doe v. Bellin Memorial Hospital*, 479 F.2d 756, 761 (1973) (finding no basis to con-

clude that "by accepting Hill–Burton funds the hospital unwittingly surrendered the right it otherwise possessed to determine whether it would accept abortion patients"); *Jackson v. Norton–Children's Hospitals, Inc.*, 487 F.2d 502, 503 (6th Cir.1973) (affirming judgment from district court "that the action of defendant hospital did not constitute state action within the meaning of Sec. 1983, notwithstanding the receipt by the hospital of Hill–Burton funds and the existence of state regulations governing hospitals").

Furthermore, Defendants have introduced a letter from Ms. Sondra Stevenson, Chief of the Policy and Information Management Branch of the U.S. Department of Health and Human Services stating that the hospital did not receive funds under the Hill–Burton Program. *See* Exhibit B, Docket No. 14. In evaluating Defendants' motion to dismiss for lack of subject-matter jurisdiction, the court may consider this additional evidence. *See Aversa*, 99 F.3d at 1210. In light of the above, the court concludes that Plaintiffs do not have a cause of action for violation of Dr. Tirado's due process rights under the Fifth and Fourteenth amendments.

## C. Supplemental Claims

Because no federal claims to ground jurisdiction remain in this case, Plaintiffs' supplemental state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject-matter jurisdiction (Docket No. 14) is hereby **GRANTED.**

**SO ORDERED.**