Fayegh **JADALI, M.D., Ph.D., Plaintiff,**

v.

**ALAMANCE REGIONAL MEDICAL CENTER, Defendant.**

**No. 1:04CV00214.**

United States District Court, M.D. North Carolina.

Dec. 16, 2004.

Fayegh Jadali, Burlington, NC, pro se.

Stephen D. Dellinger, Haynsworth Baldwin Johnson & Greaves, LLC, Charlotte, NC, for Defendant.

## ORDER

ELIASON, United States Magistrate Judge.

This case is before the Court on plaintiff's motion to file an amended complaint. That motion is opposed by defendant on the ground that it is futile.

Plaintiff originally filed a *pro se* complaint in state court. In that complaint, he alleges that he is a physician licensed to practice in North Carolina and that he is board certified in Internal Medicine and Nuclear Medicine. As part of his training, he has had fellowships in Positron Emission Tomography (PET) and Endocrinology. He also has a Ph.D. in Nuclear Medicine. Plaintiff alleges that he currently has hospital privileges with defendant for Internal Medicine, but has been denied privileges to perform and interpret studies in Nuclear Medicine. He claims that the basis for this denial is the existence of an agreement between defendant and Bur-

lington Radiological Associates. That agreement works as an exclusive service provider contract that allows only Burlington Radiological Associates to perform the additional services that plaintiff seeks to perform.

Plaintiff claimed in his original complaint that defendant's agreement with Burlington Radiological violated an unidentified patient's rights act, violated defendant's own bylaws, and was a form of discrimination on the basis of national origin. At an initial pretrial conference in the case, plaintiff further clarified his claims by stating that the national origin discrimination claim was being brought under 42 U.S.C. § 1981. He also expressed an interest in raising claims under 42 U.S.C. § 1983, the Sherman Act, 15 U.S.C. § 1, *et seq.*, and the Clayton Act, 15 U.S.C. § 15. Plaintiff was informed by the Court that his current complaint did not contain such claims and that, if he wanted to raise them, he needed to make a proper motion to amend his complaint.

Plaintiff has now made a motion to file an amended complaint. In many ways, the proposed amended complaint is substantially similar to the original complaint. The material differences are that: (1) plaintiff has added an explicit reference to 42 U.S.C. § 1981, (2) plaintiff has added an explicit reference to 42 U.S.C. § 1983, (3) plaintiff has added a reference to the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101–11152 (HCQIA), and (4) plaintiff has added two paragraphs intended to allege facts sufficient to state claims under the Sherman and Clayton Acts for a conspiracy to restrain trade, monopolization, a group boycott of plaintiff's services, and an illegal tying arrangement.

Three of plaintiff's proposed changes add little to the original complaint. The first two changes are really no more than added citations. No additional facts are added to

support any claims raised under these statutes. The reference to the HCQIA does come in one of the new paragraphs. However, it does not appear to be an independent claim for relief. Instead, the paragraph follows the antitrust claims and states that "[d]efendant's conspiracy to monopolize Nuclear Medicine and PET studies in Alamance Regional medical Center is preventing competitive forces in the medical field and obstructing **CONSTRUCTION AND APPLICATION OF HEALTH CARE QUALITY IMPROVEMENT ACT OF** [sic] (42 U.S.C. §§ 11101–11152)." (Amended Complaint, ¶ 12)(emphasis in original).

The heart of plaintiff's proposed changes are really his Sherman and Clayton Act claims. In Paragraph 11 of the amended complaint, he alleges that defendant receives revenue from Medicare and out-of-state insurers, has purchased equipment and supplies outside the state, purchases medicine and radiopharmaceuticals outside the state, uses the services of a mobile PET scanner from outside the state, and is preventing plaintiff from receiving revenues from outside the state by denying the privileges he seeks. He goes on to claim that defendant is the only health care provider in Alamance County that performs Nuclear Medicine and PET scans and the only one at which his patients can have their studies conducted. Defendant requests that the Court deny plaintiff's motion to amend for being futile because none of his proposed changes are sufficient to survive a motion to dismiss.[1]

### Section 1981, Section 1983, and HCQIA Claims

■ Defendant is clearly correct that plaintiff's motion to amend his complaint should not be granted based on his additions of the cites to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the HCQIA. The addition of the

1. Defendant has included an affidavit with its motion opposing plaintiff's amendments to his complaint. In it, defendant sets out certain facts concerning its business, its market share in the surrounding geographic area, and details related to its contract with Burlington Radiological. Because the Court is deciding whether or not plaintiff's proposed amended complaint successfully states a claim for relief, it will not consider

matters outside the pleadings. *See Rose v. Hartford Underwriters Insurance Co.,* 203 F.3d 417, 420 (6th Cir.2000). It is worth noting, however, that the facts set out in defendant's affidavit should make it clear to plaintiff that, even if the Court were to allow him to amend his complaint, his antitrust claims would face severe difficulties at summary judgment.

citation of 42 U.S.C. § 1981 is not necessary because the Court has already construed the original complaint set out a proposed claim under § 1981. Further, it is a requirement of 42 U.S.C. § 1983 that the defendant be a state actor. *Modaber v. Culpeper Memorial Hospital, Inc.,* 674 F.2d 1023 (4th Cir.1982). Plaintiff neither makes an explicit allegation that defendant is a state actor nor sets out facts that would indicate that this is the case. He does allege that defendant receives Medicare payments. However, the Court of Appeals for the Fourth Circuit has stated that such payments do not turn an otherwise private hospital into a state actor. *Id.* at 1026–1027. Plaintiff's allegations are not sufficient to raise a claim under § 1983.

As for plaintiff's reference to the HCQIA, defendant did not mention it in its brief opposing the filing of the amended complaint. This is likely because, as noted above, it does not appear that plaintiff is actually attempting to raise a claim under that Act. Still, because plaintiff is acting *pro se,* the Court will briefly address the possibility that he is attempting to raise a claim under the HCQIA. There is little to be said, however, because several courts have held that the HCQIA is intended only to encourage the establishment of peer review in the medical community and to provide some immunity from suit for entities that engage in certain types of peer review. It does not provide a private cause of action. *See Wayne v. Genesis Medical Center,* 140 F.3d 1145, 1147–48 (8th Cir.1998) (citing other cases). Therefore, if plaintiff intended to raise such a claim, he cannot do so.

### Sherman and Clayton Act Claims

Finally, the real proposed changes in plaintiff's amended complaint deal with the Sherman and Clayton Act claims raised in paragraph 11 of the proposed amended complaint. For all practical purposes, claims raised under these acts are identical and are analyzed together because 15 U.S.C. § 15, the section referenced from the Clayton Act, only functions to create a private cause of action for violations of the Sherman Act. Therefore, plaintiff's claims will be analyzed to see whether they successfully state a cause of action under the Sherman Act.

■ Section 1 of the Sherman Act states that contracts and conspiracies that restrain interstate commerce are illegal. 15 U.S.C. § 1. To prove a violation of this statute, plaintiff must eventually show that (1) two persons or entities acted in concert (2) to create an unreasonable restraint on interstate commerce. *Estate Construction Company v. Miller & Smith Holding Company, Inc.,* 14 F.3d 213, 220 (4th Cir.1994). In order to even survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint listing claims under Section 1 of the Sherman Act must allege both of these elements. Not only this, but the allegations cannot be either vague or conclusory. *Id.* at 221, *citing, Reynolds Metals Co. v. Columbia Gas System, Inc.,* 669 F.Supp. 744, 750 (E.D.Va. 1987). A plaintiff claiming a conspiracy must give "'some details of the time, place, and alleged effect of the conspiracy; it is not enough to merely state that a conspiracy has taken place.'" *Id. quoting National Constructors Ass'n v. National Electrical Contractors Ass'n,* 498 F.Supp. 510, 528 (D.Md. 1980). Dismissal is appropriate if a complaint contains nothing more than "bare bones" allegations without any supporting facts. *Id.*

■ The proposed amended complaint in the present case is almost a textbook example of a "bare bones" complaint regarding any antitrust conspiracy. It alleges only that defendant uses some out-of-state products and services, that it is the only provider of Nuclear Medicine and PET scans in Alamance County, and that its denial of plaintiff's privileges request is an antitrust conspiracy. Plaintiff does not provide any details of the alleged conspiracy. He does not even name the participants, although they would presumably be defendant and Burlington Radiological Associates. More importantly, he does not describe how or when the conspiracy formed.

In addition to not adequately describing the conspiracy, plaintiff also alleges no facts to show any effects of the conspiracy on interstate commerce. He does not describe the alleged conspiracy's impact on the price

of the services involved or any impact on the out-of-state purchases he sets out. He does make a statement that the conspiracy prevents him from receiving revenues from out of state, but does not show that this harms his patients or the overall market. A pleading showing only harm to oneself is not sufficient to state an antitrust claim in these circumstances. *Patel v. Scotland Memorial Hospital,* No. 3:94CV00284, 1995 WL 319213, at *6 (M.D.N.C. Mar.31, 1995)(unpublished), *aff'd,* 91 F.3d 132 (4th Cir.1996), *cert. denied,* 519 U.S. 1092, 117 S.Ct. 767, 136 L.Ed.2d 714. (1997)(doctor did not state a claim where she alleged no more than harm to her own practice due to an exclusive service contract). Plaintiff has not stated a claim under Section 1 of the Sherman Act that survives a motion to dismiss.[2] Therefore, allowing him to amend his complaint would be futile.

■ In addition to his Section 1 allegations, plaintiff also appears to raise a claim under Section 2 of the act for "monopolization." Section 2 of the Sherman Act states that it is illegal to monopolize, attempt to monopolize, or conspire to monopolize part of interstate commerce. 15 U.S.C. § 2. To prove a violation a plaintiff must show (1) the possession of monopoly power in the relevant market and (2) that the monopoly power was acquired or maintained willfully and not from growth or development due to a superior product, regular business, or accident. *White v. Rockingham Radiologists, Ltd.,* 820 F.2d 98, 104 (4th Cir.1987). While at the pleading stage, plaintiff does not have to prove his claims, he still must allege sufficient facts to state a claim.

■ The closest that plaintiff comes to making an adequate allegation concerning monopoly power is his claim that defendant is the only facility for performing Nuclear Medicine and PET scans in Alamance County. For several reasons, even this claim is problematic. Plaintiff mentions Alamance County, but does not actually state that this is the relevant market or give any facts that would support such a conclusion even if proved. Further, it appears from plaintiff's complaint that while defendant may control the facilities and equipment for the Nuclear Medicine and PET services plaintiff seeks to engage in, it is Burlington Radiological that actually provides the services. This makes Burlington Radiological, not defendant, plaintiff's competitor. *Id.* at 100.

Of course, the fact that defendant is not plaintiff's competitor does not rule out the possibility that defendant could have conspired with Burlington Radiological to create an illegal monopoly. For the reasons discussed previously, plaintiff has failed to adequately allege a conspiracy. Plaintiff has also failed to set out defendant's and/or Burlington Radiological's market share in Alamance County[3] and has not alleged facts showing that defendant's decision to allow Burlington Radiological to perform the Nuclear Medicine and PET services was motivated by an intent to establish a monopoly, as opposed to legitimate business reasons.

In the end, plaintiff's proposed amended complaint is far short of what is necessary to state a claim for relief under the Sherman and Clayton Acts. It also fails to state new claims for relief under 42 U.S.C. § 1983 or the HCQIA. Because the Court has already construed the complaint to state a claim under 42 U.S.C. § 1981, there is no need for plaintiff to add a citation to that statute. Plaintiff's proposal to amend his original complaint is futile, his motion to amend will be denied, and he should move forward based solely on the claims for relief stated in his original complaint.

2. In addition to alleging a conspiracy to restrain trade, plaintiff also pays lip service to group boycott and tying claims. However, his proposed amended complaint is devoid of allegations to support such claims. Plaintiff has not described either a group or a boycott and does not even list which products he believes were illegally tied.

3. Plaintiff's complaint does say that defendant is the only provider of the Nuclear Medicine and PET services in Alamance County. This is not the same as claiming that defendant controls the entire market for those services. Persons in Alamance County may, and according to defendant frequently do, seek these services at other nearby hospitals outside the County. If so, no monopoly exists. Plaintiff has simply failed to state any facts in this regard.

IT IS THEREFORE ORDERED that plaintiff's motion to amend his complaint (docket no. 16) be, and the same hereby is, denied for being futile.